**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.** **Case No. 26-cr-03416-MIS-2**

**CRISTHIAN EDWARD FUNDORA-HERNANDEZ,**

**Defendant.**

**ORDER**

THIS MATTER came before the Court on October 1, 2026, for a detention hearing that the Court set sua sponte after the United States filed its interlocutory appeal. *See* ECF No. 67, ECF No. 72. Having considered the amended Pretrial Services Report, the record, the arguments of counsel, and the factors set forth in 18 U.S.C. § 3142(g), the Court finds that the ordered conditions of release will reasonably assure Defendant's appearance as required and the safety of any other person and the community. *See* 18 U.S.C. § 3142(c)(1)(B).

On September 22, 2026, the Court granted in part Defendants' Motion to Exclude after finding that Defendants were prejudiced by the Government's disclosure of evidence after the discovery deadline. *See generally*, ECF No. 64; *see also* ECF No. 66.[1] Now, after excluding the Government's evidence, the balance of the statutory factors has changed—specifically, the "available information concerning . . . the weight of the evidence against the" Defendant. 18

[1] The Court enumerated four reasons why it chose to exclude rather than grant a continuance or other remedy. These included: (1) the negative impact on the Court's calendar, which is currently setting trials into the new year, (2) the inconvenience of jurors, (3) that a continuance "would undermine the integrity of the Court's Orders by allowing late discovery, especially as the late discovery was of immigration information and immigration cases make up the majority of the Court's criminal docket," and (4) that a continuance would extend this Defendant's time in custody. ECF No. 64 at 7.

U.S.C. § 3142(g)(2). Because the Court excluded a substantial portion of the Government's evidence against the Defendant, leaving limited evidence available to the Government at trial, the strength of the Government's case is diminished. Therefore, the Court's balancing of the statutory factors under these changed circumstances favors release according to the specified conditions. But for the exclusion of the Government's evidence in the case against him, and the resulting effects on a key statutory factor, the Court would not have reconsidered the Order of Detention for this Defendant. *See* ECF No. 13.

IT IS THEREFORE ORDERED that the Order of Detention Pending Trial entered July 2, 2026, in Case No. 26-3251 MJ-2, ECF No. 13, is **REVOKED**, and Defendant shall be **RELEASED** pending trial.

IT IS FURTHER ORDERED that the United States Marshals Service shall release Defendant from custody upon Defendant's execution of the Order Setting Conditions of Release.

SO ORDERED THIS 2nd DAY OF October, 2026.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE